# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES SEKCIENSKI AND : 
KAREN SEKCIENSKI, :      C.A. No.: K23C-01-041 JJC
     :
     PLAINTIFFS, :
     :
     v. :
     :
HERBERT MANLEY, :
     :
     DEFENDANT. :

Submitted: May 2, 2024
Decided:    May 15, 2024

## <u>ORDER</u>

On this 15th day of May 2024, having considered Defendant Herbert Manley's motion for reargument, and Plaintiffs James and Karen Sekcienski's response in opposition, it appears that:

1.     The Court explained its reasoning for denying, in part, Mr. Manley's motion for summary judgment in a written decision (the "Order").[1] Mr. Manley asks the Court to reconsider its decision for several reasons that the Court has already addressed.

2.     The standard for a Superior Court Civil Rule 59(e) motion for reargument requires the movant to demonstrate that the Court has overlooked controlling precedent or legal principles, or that the Court has misapprehended the law or facts such as would have changed the underlying decision.[2] A motion for

---

[1] *Sekcienski v. Manley*, 2024 WL 1756966 (Del. Super. April 22, 2024).
[2] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

reaargument is not intended to be a mechanism to rehash arguments previously addressed by the Court.

3. First, Mr. Manley contends, as he did at oral argument, that the Sekcienskis' complaint did not place him on fair notice of their claims for outrageous conduct causing severe emotional distress ("IIED"). On the contrary, Mr. Manley received sufficient notice of the claim under notice pleading standards. The Sekcienskis alleged that he intentionally shot and killed their dog, that his actions constituted intentional infliction of emotional distress, and that he acted with reckless disregard for their rights and safety.[3] Furthermore, for the reasons provided in the Order, the Sekcienskis' IIED claim is personal to them. That the claim surrounds the shooting of their dog, Tank, which was considered personal property under the law, does not divest them of their personal claims for IIED.

4. Second, Mr. Manley reasserts that the evidence of record could not support a finding that he either recklessly or intentionally caused the Sekcienskis severe emotional harm. As explained in detail in the Order, there is sufficient evidence of record for a jury to reasonably infer that he caused them such harm.

5. Third and finally, Mr. Manley combines several evidence-based arguments to challenge the sufficiency of the record to demonstrate his state of mind during the shooting. He first maintains that the evidence of record does not generate a factual issue regarding whether he acted intentionally, recklessly, or outrageously. Furthermore, he contends that the Court should find, as a matter of law, that he acted in self-defense notwithstanding the affidavit of an alleged eyewitness who recites that the dog did not threaten Mr. Manley or his fiancé. Finally, as to his state of mind, he rests on his acquittal in a related criminal case. More specifically, he urges the Court to grant him summary judgment on the IIED claim in this civil matter

---

[3] *See* Super. Ct. Civ. R. 9(b) (recognizing that pleading conditions of mind such as intent or recklessness may be averred generally).

because a jury in his criminal case acquitted him of recklessly endangering the Sekcienskis.

6.      In support of these combined challenges regarding his state of mind, Mr. Manley continues to urge the Court to consider only the evidence of record that supports his contentions, while disregarding contrary evidence. As the Court explained in the Order, his alleged intent, recklessness, and outrageous conduct involve highly factual inquiries that are generally inappropriate for summary judgment. In addition, the affidavit of an eyewitness who recites that (1) Tank did not act aggressively, and (2) was simply running past Mr. Manley and his fiancé when Mr. Manley shot him, creates a factual issue regarding the reasonableness of actions that he contends involved self-defense. Finally, his acquittal of related criminal charges has no application or relevance in this civil matter. Criminal and civil actions have different standards of proof. For these reasons and those explained in the Order, a reasonable jury could determine that he committed the tort of IIED against one or both of the Sekcienskis.

**WHEREFORE**, Defendant's motion for reargument is **DENIED** for the reasons contained herein and in the Court's Order denying, in part, Mr. Manley's summary judgment motion.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

3